# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**PETER BERNEGGER**                                                          **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 3:12CV63 HTW-LRA**

**FBI FIELD OFFICE of JACKSON, MISSISSIPPI**                 **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Peter Bernegger has sued the Federal Bureau of Investigation ("FBI") alleging violations of the Freedom of Information Act ("FOIA")," Title 5 U.S.C. § 522.[1] Before the Court is Defendant FBI's Motion to Dismiss or, in the Alternative, for Summary Judgment [ECF No. 17]. Defendant contends that the Complaint should be dismissed due to Plaintiff's failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In the alternative, Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56 on the same grounds. Because the motion relies on affidavits and other evidence outside the pleadings, the Court will consider Defendant's motion as one for summary judgment. For the reasons that follow, the undersigned recommends that the motion be granted and that this case be dismissed.

---

[1] Plaintiff's original Complaint, filed in the Northern District of Mississippi, Eastern Division, named Daniel McMullen, Chief Agent of the FBI field office in Jackson, Mississippi, as the only defendant. On January 27, 2012, United States District Judge Michael P. Mills transferred the case to the Southern District of Mississippi, Jackson Division, pursuant to 28 U.S.C. § § 1391 and 1404 (a). On February 24, 2012, United States District Judge Henry T. Wingate granted Plaintiff leave to file an Amended Complaint naming the FBI Field Office of Jackson, Mississippi, as a defendant. Because FOIA does not provide a cause of action against individual employees of federal agencies, an order dismissing Defendant Daniel McMullen pursuant to Title 5 U.S.C. § 522 (a)(4)(B), was entered on February 28, 2012.

In a letter dated October 19, 2010, Plaintiff submitted a FOIA request to the FBI Jackson Field Office requesting the following information related to his criminal investigation:

> (1) In, involving, pertaining to my two criminal cases, 07-cr-176, 4:09cr096 both in the Northern District of Mississippi, all records, documents including but not limited to emails, letters, reports, minutes, memos, faxes, federal agents notes, work product, meeting notes, meeting minutes, witness interviews/statements documents/records sent in or obtained from, inter-department, from inter-department, from intra-department, grand jury materials, grand jury witness testimonies of those witnesses that also testified at any of the two trials, hearings, sentencing proceedings of either case.
>
> (2) From or to all, any, federal agents, investigators, state agents, investigators, federal and state witnesses, providers of information, federal, state and private parties, entities; also from or to Attorney Rob Laher; also from or to Attorney John Daniels, III; also from or to Parker Howard of Greenville, MS; also from or to any Clerk of Court of/from the Oxford, MS court/office; also from or to any other federal court building, office or judge, clerk, probation officer, law clerk, court assistant/secretary within the Northern District of Mississippi.
>
> (3) Less any records, documents, already provided to Peter Bernegger as a defendant in either both/cases.[2]

Plaintiff contends that under U.S.C. § 522(a)(6), the FBI *Field Office* was required to respond to his FOIA request within 20 days, but he did not receive a response until April 19, 2011. He maintains that the FBI's alleged failure to respond within the 20-day-period amounts to an admission to all of the allegations contained in his Complaint, and that his administrative remedies are deemed exhausted under 5 U.S.C. § 522(a)(6)(A)(ii).[3]

---

[2] ECF No. 17-1, p. 11.

[3] FOIA provides in relevant part that a claimant must exhaust the following procedures before filing suit in the district court:

(A) Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall-

2

Defendant counters that Plaintiff's FOIA's request was ruled upon and that Plaintiff has failed to state a claim because he failed to exhaust his administrative remedies by timely appealing to the Office of Information and Privacy ("OIP"). In support, Defendant attaches correspondence between the FBI and Plaintiff concerning his FOIA request, and an affidavit from David M. Hardy, Section Chief of the Record/Information Dissemination Section of the Records Management Division located in Winchester, Virginia.

In the affidavit, Agent Hardy avers that Plaintiff's request, dated October 19, 2010, was received by the FBI Field Office in Jackson, Mississippi, and in accordance with Department of Justice Guidelines, it was forwarded to FBI Headquarters in Washington, D.C. On November 2, 2010, Agent Hardy sent Plaintiff a letter from FBI Headquarters

---

> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency an adverse determination; and
>
> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

5 U.S.C. § 552(a)(6)(A).

acknowledging the receipt of the FOIA request and assigning it FOIPA Number 1156420. He informed Plaintiff that his FOIA request did not contain sufficient information to conduct an accurate search of the Central Records System, and he requested that Plaintiff provide additional information. Plaintiff provided the supplemental information, and FBI Headquarters responded with a letter confirming the receipt of same on November 15, 2010. It also advised that it was currently searching the Central Records System and would inform him of any results as soon as possible. On November 23, 2010, Plaintiff acknowledged the receipt of this letter. On January 4, 2011, the FBI informed Plaintiff that it had identified approximately 980 pages which were potentially responsive to his request, and instructed that he advise whether he would pay the costs associated with producing them, in accordance with DOJ regulations. 28 C.F.R. § § 16.11 and 16.49.

On January 10, 2011, Plaintiff filed a writ of mandamus in the Northern District of Mississippi ordering the FBI to produce documents in response to his FOIA request. Plaintiff asserted that he had exhausted his administrative remedies, but the FBI and other named federal agencies and employees had failed to respond to his FOIA request within 20 days as required by 5 U.S.C. § 522. Specifically, he named the Executive Office for United States Attorneys; Federal Bureau of Investigation– Jackson, MS Office; the Federal Bureau of Investigation – Columbus, MS Office; David Hardy; and, James Burton. He alleged that each of these defendants had wrongfully withheld documents and failed to make a good faith effort to search and produce copies of the records requested.

4

He additionally claimed that they had not requested to toll their response time nor indicated that his request contained errors.

By letter dated January 12, 2011, Plaintiff acknowledged to Agent Hardy at FBI Headquarters that he received the January 4th letter and that he agreed to pay production costs. On January 14th, the FBI informed Plaintiff that it had received both his January 12th letter and his petition for mandamus. They also informed him that his request was being forwarded to a "perfected backlog" and would be assigned an analyst. On or around the same date, Plaintiff withdrew his writ of mandamus against Agent Hardy and the FBI central office asserting that both had allegedly "agreed to promptly provide the requested FOIA information."[4] Additional correspondence between Plaintiff and FBI Headquarters from January though May 2011 indicates that Plaintiff was informed on three occasions — January 31st, March 23rd, and May 2nd — of the status of his FOIA request. Each letter expressly informed Plaintiff that his records were being reviewed and that large requests take a longer time to be processed by an analyst.

On April 19, 2011, Plaintiff was also informed by Daniel McMullen, Special Agent in Charge of the FBI Jackson Field Office, that all FOIA inquiries are handled by FBI Headquarters. On April 26th, Plaintiff filed an amended petition for mandamus alleging that the FBI Field Offices in both Jackson and Columbus, Mississippi, had failed to timely respond to his FOIA requests. Plaintiff contends he was required to submit his

---

[4]ECF No. 17-1, p. 36.

FOIA request directly to FBI Field Offices if they are in possession of files or information, 28 U.S.C. § 16.3 (a), and that both the field offices and Headquarters are obligated to respond.

On June 28, 2011, FBI Headquarters issued a written decision agreeing to produce a total of 480 pages, but denying Plaintiff's FOIA claim in part because certain records were exempt from disclosure. The decision also expressly advised Plaintiff that he had 60 days from the date of the letter to file an appeal with the U.S. Department of Justice Office of Information Policy ("OIP"). He was instructed that his appeal should be submitted in writing to the Director, Office of Information Policy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001.

On December 1, 2011, Plaintiff sent a letter to FBI Headquarters advising that he had received the production of documents on November 22, 2011, and was appealing the decision to withhold certain documents. The letter was addressed to: DOJ, 170 Marcel Drive, Winchester, VA 22602– 4843.[5]

## STANDARD OF REVIEW

A motion for summary judgment regarding a FOIA claim may be properly considered under Fed. R. Civ. P. 56(c). *See Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir.1993). Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is

---

[5] ECF No. 17-1, pp. 1-58.

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although evidence is viewed in the light most favorable to the non-movant, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claim and "articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.1994)). Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). Further, while pro se pleadings are liberally construed, courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156,164 (5th Cir. 2006) (quoting *Ragas*, 136 F.3d at 458 )); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

**DISCUSSION**

It is well-settled that although FOIA does not expressly mandate that a claimant exhaust his administrative remedies, the Fifth Circuit requires that a claimant exhaust his administrative remedies before seeking judicial review. *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979) ("FOIA should be read to require that a party must present

7

proof of exhaustion of administrative remedies prior to seeking judicial review.") (citations omitted); *Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667, 669 (5th Cir.1993) (FOIA implicitly requires exhaustion of administrative remedies before seeking judicial review). "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision. . . . The exhaustion requirement also allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C.Cir. 1990) (internal citation omitted).

To obtain judicial review, a FOIA claimant must present proof of either actual or constructive exhaustion of his administrative remedies *Hedley*, 594 F.2d at 1044; *Thomas v. U.S. Dep't of Justice*, 260 F. App'x. 677, 680 (5th Cir. 2007). A claimant actually exhausts his administrative remedies only after filing a proper request with the appropriate agency and appealing any adverse determinations administratively. *Oglesby*, 920 F.2d at 61. A claimant constructively exhausts if the agency does not respond to his request within 20 days by notifying him of its decision to comply with the request, the reasons for such decision, and of the claimant's right to appeal that decision. *Id.* at 62; *Voinche v. F.B.I.*, 999 F.2d at 963; 5 U.S.C. § 552(a)(6)(C). Constructive exhaustion "lasts only up to the point that an agency actually responds." *Oglesby*, 920 F.2d at 61. Once the agency responds, a FOIA claimant "may no longer exercise his option to go to

court immediately." *Id.* Instead, he may seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial." . . . *Id.*

Plaintiff contends that he constructively exhausted his administrative remedies because even though FBI Headquarters responded, the FBI Field Offices failed to directly respond to his FOIA request within 20 days. However, Defendant advises that FBI Field Offices and agents were not required to respond to his FOIA request. According to Agent Hardy's affidavit, the "field office rule" was abandoned following the 2009 Amendment to FOIA, in accordance with the Attorney General's new processing guidelines directing agencies to streamline the FOIA process for those requesting information. As a result, the FBI no longer adheres to the requirements of 28 C.F.R. § § 16.3 (a) and 16.4(a), which required FOIA claimants to seek records directly from local offices. He explains that: "Subsequent to the promulgation of the new Attorney General guidelines on March 19, 2009, requests for records sent to any FBI office results in a search for all FBI records, wherever they may be located." [6]

---

[6] ECF No. 17-1, p. 4. Although Plaintiff disputes that any new policy has been adopted, he does not submit any evidence to support his contention. Rather, the cases he relies upon in support of both his Motion and Amended Motion to Motion to Strike the Affidavit of David Hardy are factually distinguishable. ECF Nos. 25 & 27. *See, e.g. Frankenberry v. FBI*, No. 3:08CV1565, 2010 WL 8510349 (M.D. Pa., Sept. 10, 2010) (FOIA request dated November 13, 2006); *Clemente v. FBI*, 741 F. Supp.2d 64 (D.D.C. 2010) (FOIA request dated April 12, 2008). The FOIA requests in both of these cases pre-date the promulgation of the 2009 Attorney General Guidelines referenced in Agent Hardy's affidavit and the FBI's subsequent abandonment of the "field office rule." This Court is also precluded from considering Plaintiff's remaining arguments concerning the propriety of the FBI's decision to withhold certain records because he has failed to exhaust his administrative remedies.

Plaintiff agrees that within 20 days of submitting his FOIA claim, he received a response from FBI Headquarters acknowledging the receipt of his request, and stating that the agency would begin searching for documents as soon as he provided the necessary supplemental information. Constructive exhaustion lasted only up to the point that Plaintiff received a response. *Oglesby*, 920 F.2d at 61. He does not cite, nor does the Court find, any support for treating the response from FBI Headquarters as no response at all. *Kemmerly v. U.S. Dept. of Interior*, 430 F. App'x. 303 (5th Cir. 2011). "Clearly, the FOIA does not require the responding agency to respond and produce responsive documents within twenty days in order to require exhaustion of administrative remedies." *Citizens for Responsibility and Ethics in Washington v. Federal Elections Commission*, 839 F. Supp. 2d 17, 25 (D.D.C. 2011). Upon receiving the supplemental information, the FBI provided Plaintiff with a cost estimate for the production of documents, and informed him on three separate occasions that while his FOIA claim had been assigned an analyst, large requests take a long time to complete. Thereafter, the FBI produced a total of 480 pages, but partially denied Plaintiff's request upon finding that the remaining documents were subject to certain exemptions.

Plaintiff was clearly and repeatedly advised where, when and to whom his appeal must be sent if he was not satisfied with the production of documents.[7] 28 U.S.C. § 16.9 (a) provides for appeal of an adverse determination to the Office of Information and

---

[7] ECF No. 17-1, pp. 16, 23, 54.

Privacy. It also states that: "You must make your appeal in writing and it must be received by the Office of Information and Privacy within 60 days of the date of the letter denying your request." The Plaintiff in this case elected to send his appeal letter to another division of DOJ, at a different address and in another state. He argues that the appeal instructions are vague because they advise that "Appeals *should* be directed in writing to . . . ," and the words "must" and "required" are not used. This argument would mean that mailing to any DOJ or FBI office would constitute acceptable compliance. That is not the case. The regulation is not vague and Plaintiff did not properly comply.

Further, Plaintiff sent his notice of appeal to an FBI office in Virginia on December 1, 2011, well over 60 days after the document production and denial letter was mailed to him.[8] He notes that he was moved around to various locations within the prison, causing a delay in the receipt of his mail. The attached exhibits to Agent Hardy's affidavit show that the documents and appeal information dated June 28, 2011, were sent to Plaintiff's home address as directed by the Plaintiff.[9] He argues that because he sent the appeal to an FBI office within 60 days after he acknowledged receipt, it is timely. This argument does not satisfy the agency's stated requirements for appeal.

Plaintiff failed to properly appeal the denial to the OIP as he was required to do. To now permit him to ignore the agency's directive "would cut off the agency's power to

---

[8]ECF No. 17-1, p. 58.

[9]ECF No. 17-1, p. 54.

11

correct or rethink initial misjudgments or errors . . . and frustrate the policies underlying the exhaustion requirement." *Hidalgo v. FBI*, 344 F.3d, 1256, 1260 (internal citation omitted).[10]  Plaintiff's explanation for his failure to appeal according to procedure is not sufficient to defeat his duty to comply with the exhaustion requirement.

For these reasons, the Court finds that Plaintiff failed to actually or constructively exhaust his administrative remedies before seeking judicial review.  Because the Court has considered the letters and affidavit and additional records submitted by the parties in determining that Plaintiff has not exhausted his administrative remedies,  Defendant's request that the Complaint be dismissed pursuant to Fed. R. Civ. P. 56 should be granted.

In accordance with Local Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* and 28 U.S.C. § 636, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation.  The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendation contained within this Report and Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R.

---

[10]See also *Dettmann v. U.S. Dept. of Justice*, 802 F.2d 1472,1476 n. 8 (exhaustion required because "it would be both contrary to 'orderly procedure and good administration' and unfair 'to those who are engaged in the tasks of administration' to decide an issue which the FBI never had a fair opportunity to resolve prior to being ushered into litigation") (quoting *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 36-37 (1952)).

Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 21st day of February 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE